## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MARIO MARTINEZ on behalf of themselves
and all other persons similarly situated,                )
known and unknown,                                        )
                                                          )
        Plaintiff,          )     Case No. 08 C 896
    v.                                          )
                                                          )
DELKO CONSTRUCTION COMPANY                                )     Judge Darrah
and DEMETRIOS L. KOZONIS, individually                    )
                                                          )
                                                          )
        Defendants.         )

## INDEX OF ATTACHMENTS

Notice of Lawsuit and Waiver of Service of Summons Issued to Defendants.................. A

Green Card indicating service of Certified mail to Defendants ........................................ B

Executed Summons and Affidavits for same for each Defendant...................................... C

Declaration of John E. Untereker ..................................................................................... D

# EXHIBIT A

**U.S. Postal Service** ™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

## OFFICIAL USE

| | |
|---|---|
| Postage | $ 0.75 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $5.55 |

Postmark Here

Sent To  Nicholas Black
Street, Apt. No.; or PO Box No.  2824 W. Divise
City, State, ZIP+4  Chicago, IL 60647

PS Form 3800, August 2006                    See Reverse for Instructions

7007 0710 0002 1565 1198

---

**U.S. Postal Service** ™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

## OFFICIAL USE

| | |
|---|---|
| Postage | $ .25 |
| Certified Fee | 2.15 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $5.55 |

Postmark Here

Sent To  Demetrios Korona, DELKG
Street, Apt. No.; or PO Box No.  4849 W. Milwauk. 102
City, State, ZIP+4  Chicago, IL 60086

PS Form 3800, August 2006                    See Reverse for Instructions

7007 0710 0002 1565 1204

AO 398   (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  (A)  Demetrios L. Kozonis, 4849 N. Milwaukee Ave 102, Chicago, IL  60630

as  (B)  President          of (C)  Delko Construction Company

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Northern District of Illinois and has been assigned docket number (D)          08 C 896          .

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (E)   30   days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff, this   13th   day of
February          ,     2008     .
   (Month)          (Year)

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—Docket number of action
E—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

## Waiver of Service of Summons

TO: _____ John E. Untereker _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Demetrios L. Kozonis_____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Mario Martinez v. Delko Construction Company, et al_____,
(CAPTION OF ACTION)

which is case number _____08 C 896_____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if

an answer or motion under Rule 12 is not served upon you within 60 days after ___02/13/08___,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____         _____
(DATE)                                      (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                      (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 398    (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### NOTICE OF LAWSUIT AND REQUEST FOR
### WAIVER OF SERVICE OF SUMMONS

TO:  (A)   Nicholas P. Black, 2824 West Diversey Ave, Chicago, IL  60647

as    (B)    Registered Agent            of (C)  Delko Construction Company

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the Northern District of Illinois and has been assigned docket number (D)        08 C 896

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within (E)    30   days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this        13th        day of
February          ,      2008        .
(Month)                (Year)

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—Docket number of action
E—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: _____John E. Untereker_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Delko Construction Company _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of  Mario Martinez v. Delko Construction Company, et al,
(CAPTION OF ACTION)

which is case number _____08 C 896_____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____02/13/08_____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
(DATE)                           (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                         (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Demetrios C. Kozonis
Delta Construction Co.
4849 N. Milwaukee Ave. 102
Chicago, IL     60630

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

x  S. Polinski                    ☐ Agent
                                   ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

S Polinski

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☒ Certified Mail        ☐ Express Mail
   ☐ Registered            ☒ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)     7007 0710 0002 1565 1204

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# EXHIBIT C

| ClientCaseID: |  | CaseReturnDate: | 5/28/08 |
| Law Firm ID: | WORKING | | |

*184160A*

**Affidavit of Special Process Server**

## UNITED STATES DISTRICT COURT

Case Number **08C896**

I, BARNETT S. KOLTON

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

# ABODE SERVICE

THAT I SERVED THE WITHIN     **SUMMONS AND COMPLAINT**
ON THE WITHIN NAMED DEFENDANT     **DEMETRIOS L. KOZONIS**
PERSON SERVED **MARIA KOZONIS, DAUGHTER**
I SERVED A MEMBER OF HOUSEHOLD 13 YEARS OF AGE OR OLDER AT THE DEFENDANTS USUAL PLACE OF ABODE AND INFORMED THAT PERSON OF THE CONTENTS THEREOF AND FURTHER MAILED A COPY OF THE SUMMONS OR PROCESS IN A SEALED ENVELOPE WITH POSTAGE PREPAID TO THE DEFENDANT, AT HIS USUAL PLACE OF ABODE WITHIN TWO BUSINESS DAYS OF THE SERVICE.

That the sex, race and approximate age of the person whom I left the     **SUMMONS AND COMPLAINT**
are as follow:

| | | | |
|---|---|---|---|
| **Sex** FEMALE | **Race** WHITE | **Age** 21 | |
| **Height** 5' 5" | **Build** THIN | **Hair** BROWN | |

**LOCATION OF SERVICE**     **1715 SUNSET LANE**
**BANNOCKBURN, IL, 60015**

Date Of Service:     5/14/08     Time of Service:     9:50 PM     Date Of Mailing     5/15/2008

*Barnett S. Kolton*

BARNETT S. KOLTON     5/16/2008

**Special Process Server**

P.E.R.C.#129-170762

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

*Barnett S. Kolton*

ClientCaseID:

Law Firm ID:    WORKING



*184161A*

CaseReturnDate:  5/28/08

**Affidavit of  SPECIAL PROCESS SERVER**

---

# UNITED STATES DISTRICT COURT

Case Number **08C896**

I, **R. MARSHALL GRADY**

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## CORPORATE SERVICE

THAT I SERVED THE WITHIN  **SUMMONS AND COMPLAINT**
ON THE WITHIN NAMED  DEFENDANT  **DELKO CONSTRUCTION COMPANY**
PERSON SERVED **LYNN ARNOLD, OFFICE MANAGER**
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON **5/22/08**

That the sex, race and approximate age of the person whom I left the  **SUMMONS AND COMPLAINT**
are as follow:

| | | | | |
|---|---|---|---|---|
| **Sex**  FEMALE | **Race**  WHITE | | **Age**  55 | |
| **Height**  5' 6 | **Build**  HEAVY | | **Hair**  BROWN | |

LOCATION OF SERVICE    **4849 N MILWAUKEE AVE 102
CHICAGO, IL, 60630**

Date Of Service    **5/22/08**          Time of Service    **11:49 AM**

R. MARSHALL GRADY                           5/23/2008

**SPECIAL PROCESS SERVER**
PERC# 0129-275752

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

ClientCaseID:    JOHN
Law Firm ID:     WORKERS


*180833A*

CaseReturnDate:    4/24/08

**Affidavit of  SPECIAL PROCESS SERVER**

# UNITED STATES DISTRICT COURT

Case Number **08C896**

**I, R. MARSHALL GRADY**

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL  REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

# NON-SERVICE

DEFENDANT NAME **DEMETRIOS L. KOZONIS, INDIVIDUALLY**
I HAVE ATTEMPTED TO SERVE      **SUMMONS AND COMPLAINT**
AT THE LOCATION   **4849 N MILWAUKEE AVE 102**                **CHICAGO, IL, 60630**
BEING A              **OFFICE**
ON THE DEFENDANT ON THIS CAUSE AND HAVE BEEN UNABLE TO SERVE BECAUSE:

ON 3/24/08 AT 7:22 PM THE OFFICE WAS CLOSED. ON 3/25/08 AT 3:48 PM I WAS INFORMED BY THE RECEPTIONIST (A 5'5" 55 YEAR OLD WHITE FEMALE WITH BROWN HAIR AND A HEAVY BUILD) THAT THE DEFENDANT WAS NOT PRESENT. ON 3/26/08 AT 2:57 PM I WENT TO ROOM 102 AND LEFT A DETAILED MESSAGE WITH THE RECEPTIONIST. I ALSO WENT TO ROOM 302 AND LEFT A SECOND DETAILED MESSAGE, AS THE RECEPTIONIST STATED THAT THIS IS HIS PRIMARY OFFICE. ON 3/28 AT 9:32 AM, 4/1 AT 9:24 AM, 4/3 AT 11:54 AM, 4:10 AT 3:01 PM AND 4/11 AT 2:17 PM. ON EACH OCCASION THE DEFENDANT WAS NOT PRESENT AT EITHER OFFICE. BOTH OF THE RECEPTIONISTS TOOK DETAILED NOTES AND SAID THEY WOULD PASS ALONG MY MESSAGE TO THE DEFENDANT, BUT I DO NOT HEAR BACK FROM HIM. EACH TIME I TELL THEM THAT I WILL GO TO HIS HOME IF HE DOES NOT CALL ME. UNABLE TO SERVE.

Date Of Last Attempt    **4/11/08**              Time        **2:17 PM**

R. MARSHALL GRADY                                    4/23/2008

**SPECIAL PROCESS SERVER**
PERC# 0129-275752

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

ClientCaseID:   JOHN
Law Firm ID:    WORKERS



\* 1 8 1 6 2 0 A \*

CaseReturnDate:   4/24/08

**Affidavit of  Special Process Server**

# UNITED STATES DISTRICT COURT
Case Number **08C896**

I, BARNETT S. KOLTON

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS
A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL  REGULATION PRIVATE DETECTIVE
AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## NON-SERVICE

DEFENDANT NAME **DELKO CONSTRUCTION COMPANY**
I HAVE ATTEMPTED TO SERVE     **SUMMONS AND COMPLAINT**
AT THE LOCATION  **2755  CHARLIE CT**                    **GLENVIEW, IL, 60026**
BEING A                **HOUSE**
ON THE DEFENDANT ON THIS CAUSE AND HAVE BEEN UNABLE TO SERVE BECAUSE:

I ATTEMPTED SERVICE ON 4/6/08 AT 9:15 AM, 4/9/08 AT 7:30 PM, 4/11/08 AT 8:45 PM, 4/13/08 AT 10:40 AM, 4/15/08
AT 6:50 PM, AND 4/17/08 AT 8:25 PM.  PEOPLE WERE HOME DURING MY ATTEMPTS, BUT THEY REFUSED TO
COME TO THE DOOR.  ON 4/17, THE OCCUPANTS TURNED OUT THE LIGHTS IN THE HOUSE DURING MY
ATTEMPT.  I OBSERVED TWO VEHICLES PARKED IN THE DRIVEWAY DURING MY ATTEMPTS (IL PLATE NUMBERS
G726051 AND WRN344, BOTH OF WHICH ARE REGISTERED TO NICHOLAS P. BLACK AT THIS ADDRESS).  NO
CONTACT.  UNABLE TO SERVE.

Date Of Last Attempt    **4/17/08**            Time        **8:25 PM**

BARNETT S.  KOLTON                                                    4/23/2008

**Special Process Server**
P.E.R.C.#129-170762

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned
certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such
matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

ClientCaseID:
Law Firm ID:    WORKING



*184160A*

CaseReturnDate:    5/28/08

**Affidavit of  Special Process Server**

# UNITED STATES DISTRICT COURT

Case Number **08C896**

I, **BARNETT S. KOLTON**

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL  REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## NON-SERVICE

DEFENDANT NAME **DELKO CONSTRUCTION COMPANY**
I HAVE ATTEMPTED TO SERVE      **SUMMONS AND COMPLAINT**
AT THE LOCATION  **1715  SUNSET LANE**                                    **BANNOCKBURN, IL, 60015**
BEING A        **HOUSE**
ON THE DEFENDANT ON THIS CAUSE AND HAVE BEEN UNABLE TO SERVE BECAUSE:

MARIA KOZONIS, THE DAUGHTER OF DEMETRIOS KOZONIS ADVISED THAT DEMETRIOS IS OUT OF TOWN AND IT IS UNKNOWN WHEN HE WILL RETURN.  PLEASE RE-DIRECT THIS OFFICE TO ATTEMPT TO SERVE DEMETRIOS KOZONIS AS AGENT FOR THE COMPANY IN 30 DAYS.

Date Of Last Attempt                          Time

_Barnett S. Kolton_                5/16/2008
BARNETT S. KOLTON
**Special Process Server**
P.E.R.C.#129-170762

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

_Barnett S. Kolton_

**STERN PROCESS & INVESTIGATION, LLC**                    Tax ID 04-3801615
205 W. RANDOLPH ST 730
CHICAGO, IL, 60606          Phone (312)-853-2150    Fax  (312)-853-3119

Customer
WORKING HANDS LEGAL CLINIC
77 W WASHINGTON ST 1402
CHICAGO, IL, 60602          Phone:  (312)-795-9115   Fax: (312)-419-1025

## Invoice#        184160

Date Of Invoice:    5/16/2008

Plaintiff: MARIO M MARTINEZ
Court CaseID:   08C896          Firm#               Case Returned Date:   5/28/08
County:        UNITED STATES DISTRICT COURT
Process Server:    BARNETT S. KOLTON          ProcessType:   SUMMONS AND COMPLAINT

| Defendant:#1  DELKO CONSTRUCTION COMPANY | Type Of Service:  NON-SERVICE | |
|---|---|---|
| Person Served: | Date Of Service: | Time: |
| Sex        Age          Height          Build | Hair Color | Race |

| Defendant:#2  DEMETRIOS L. KOZONIS | Type Of Service:  ABODE SERVICE | |
|---|---|---|
| Person Served:   MARIA KOZONIS, DAUGHTER | Date Of Service:  5/14/2008   Time:  9:50 PM | |
| Sex  FEMALE  Age  21     Height  5' 5"     Build  THIN | Hair Color  BROWN          Race WHITE | |

Location   1715 SUNSET LANE , BANNOCKBURN, IL, 60015        Type Of Premise:   HOUSE

| | | | | |
|---|---|---|---|---|
| Delivery Charge | $55.00 | Rush | $0.00 |
| Bad Address | $0.00 | Filing | $0.00 |
| No Contact | $0.00 | Investigation | $0.00 |
| Database/Skip | $0.00 | Advanced fees | $0.00 |
| | | **Total:** | **$55.00** |
| Date Received | | Check No | Amount Received | $0.00 |
| | | | Balance Due | $55.00 |

## INFORMATION DEEMED RELIABLE BUT NOT GUARANTEED
## PAYABLE UPON RECEIPT, 2% PER MONTH

MARIA KOZONIS, THE DAUGHTER OF DEMETRIOS KOZONIS ADVISED THAT DEMETRIOS IS OUT OF TOWN AND IT IS UNKNOWN WHEN HE WILL RETURN.  PLEASE RE-DIRECT THIS OFFICE TO ATTEMPT TO SERVE DEMETRIOS KOZONIS AS AGENT FOR THE COMPANY IN 30 DAYS.

**STERN PROCESS & INVESTIGATION, LLC**          Tax ID  04-3801615
205 W. RANDOLPH ST 730
CHICAGO, IL, 60606          Phone (312)-853-2150     Fax  (312)-853-3119

Customer
WORKING HANDS LEGAL CLINIC
77 W WASHINGTON ST 1402
CHICAGO, IL, 60602          **Phone:**  (312)-795-9115  **Fax:** (312)-419-1025

## Invoice#     184161

Date Of Invoice:     5/23/2008

Plaintiff: MARIO M MARTINEZ
Court CaseID:     08C896          Firm#          Case Returned Date:  5/28/08
County:     UNITED STATES DISTRICT COURT
Process Server:  R. MARSHALL GRADY          ProcessType:     SUMMONS AND COMPLAINT

| Defendant:#1  DEMETRIOS L KOZONIS | | | | Type Of Service:   NON-SERVICE | |
|---|---|---|---|---|---|
| Person Served: | | | | Date Of Service:  5/22/2008   Time:  11:49 AM | |
| Sex | Age | Height | Build | Hair Color | Race |

| Defendant:#2  DELKO CONSTRUCTION COMPANY | | | | Type Of Service:   CORPORATE SERVICE | |
|---|---|---|---|---|---|
| Person Served: | LYNN ARNOLD, OFFICE MANAGER | | | Date Of Service:  5/22/2008   Time:  11:49 AM | |
| Sex FEMALE | Age  55 | Height 5' 6 | Build  HEAVY | Hair Color  BROWN | Race WHITE |

Location     4849 N MILWAUKEE AVE 102, CHICAGO, IL, 60630          Type Of Premise:     OFFICE

| | | | |
|---|---|---|---|
| Delivery Charge | $55.00 | Rush | $0.00 |
| Bad Address | $0.00 | Filing | $0.00 |
| No Contact | $0.00 | Investigation | $0.00 |
| Database/Skip | $0.00 | Advanced fees | $0.00 |

**Total:**          **$55.00**

Date Received          Check No          Amount Received          $0.00

Balance Due          $55.00

## INFORMATION DEEMED RELIABLE BUT NOT GUARANTEED
## PAYABLE UPON RECEIPT, 2% PER MONTH

THE SUBJECT MAINTAINS OFFICES IN THIS BUILDING IN BOTH SUITES 102 AND 302. BOTH OFFICES HAVE
A GLASS PARTITION BEHIND WHICH SITS A RECEPTIONIST. ON 5/9 @ 3:52PM: I CALL BOTH OFFICES #'S.
HE IS GONE FOR THE DAY.  ON 5/12 @ 9:13AM:  HE'S NOT IN EITHER OFFICE. II LEAVE NOTES IN EACH
OFFICE WITH STAFF MEMBERS WHO REMEMBER ME FROM WHEN THIS SUMMONS WAS FIRST ISSUED. I
EXPLAIN WHO I AM AND THE NATURE OF THE DOCUMENTS AND REQUEST THEY HAVE HIM CALL ME.  ON
5/13 @ 12:18PM THEY SAY HE'S NOT IN.  I LEAVE A MSG., LATER, @ 4:41PM THEY SAY HE WAS IN AND HE
RECEIVED THE MSG. TO CALL ME.  ON 5/14 @ 3:47PM:  I CALL BOTH OFFICES.  HE'S NOT IN. I LEAVE 2

**STERN PROCESS & INVESTIGATION, LLC**     Tax ID 04-3801615
205 W. RANDOLPH ST 1210
CHICAGO, IL, 60606          Phone (312)-853-2150     Fax (312)-853-3119

**Customer**
WORKERS' LAW OFFICE, P.C.
77 W WASHINGTON ST 1402
CHICAGO, IL, 60602          Phone: (312)-795-9115  Fax: (312)-419-1025

## Invoice#     181620

Date Of Invoice:     4/23/2008

Plaintiff: MARIO M MARTINEZ

Court CaseID:  08C896        Firm#  JOHN          Case Returned Date:  4/24/08
County:        UNITED STATES DISTRICT COURT
Process Server:  BARNETT S. KOLTON          ProcessType:   SUMMONS AND COMPLAINT

| Defendant:#1  DELKO CONSTRUCTION COMPANY | Type Of Service:  NON-SERVICE |
|---|---|
| Person Served: | Date Of Service:  4/17/2008   Time:  8:25 PM |
| Sex       Age        Height        Build | Hair Color          Race |

| Defendant:#2 | Type Of Service: |
|---|---|
| Person Served: | Date Of Service:           Time: |
| Sex       Age        Height        Build | Hair Color          Race |

Location   2755 CHARLIE CT , GLENVIEW, IL, 60026          Type Of Premise:   HOUSE

| | | | |
|---|---|---|---|
| Delivery Charge | $0.00 | Rush | $0.00 |
| Bad Address | $0.00 | Filing | $0.00 |
| No Contact | $55.00 | Investigation | $0.00 |
| Database/Skip | $0.00 | Advanced fees | $0.00 |
| | | **Total:** | **$55.00** |
| Date Received | Check No | Amount Received | $0.00 |
| | | Balance Due | $55.00 |

### INFORMATION DEEMED RELIABLE BUT NOT GUARANTEED
### PAYABLE UPON RECEIPT, 2% PER MONTH

**STERN PROCESS & INVESTIGATION, LLC**          Tax ID  04-3801615
205 W. RANDOLPH ST 1210
CHICAGO, IL, 60606          Phone  (312)-853-2150    Fax  (312)-853-3119

**Customer**
WORKERS' LAW OFFICE, P.C.
77 W WASHINGTON ST 1402
CHICAGO, IL, 60602          **Phone:**  (312)-795-9115  **Fax:** (312)-419-1025

## Invoice#     180833

Date Of Invoice:    4/23/2008

Plaintiff: MARIO M MARTINEZ

| | | | |
|---|---|---|---|
| Court CaseID: | 08C896 | Firm# JOHN | Case Returned Date:  4/24/08 |
| County: | UNITED STATES DISTRICT COURT | | |
| Process Server: | R. MARSHALL GRADY | ProcessType: | SUMMONS AND COMPLAINT |

| Defendant:#1 | DEMETRIOS L. KOZONIS, INDIVIDUALLY | | Type Of Service: | NON-SERVICE | |
|---|---|---|---|---|---|
| Person Served: | | | Date Of Service: | 4/11/2008 | Time:  2:17 PM |
| Sex | Age | Height | Build | Hair Color | Race |

| Defendant:#2 | | | Type Of Service: | | |
|---|---|---|---|---|---|
| Person Served: | | | Date Of Service: | | Time: |
| Sex | Age | Height | Build | Hair Color | Race |

Location    **4849 N MILWAUKEE AVE 102, CHICAGO, IL, 60630**    Type Of Premise:    OFFICE

| | | | |
|---|---|---|---|
| Delivery Charge | $0.00 | Rush | $0.00 |
| Bad Address | $0.00 | Filing | $0.00 |
| No Contact | $55.00 | Investigation | $0.00 |
| Database/Skip | $0.00 | Advanced fees | $0.00 |
| | | **Total:** | **$55.00** |
| Date Received | Check No | Amount Received | $0.00 |
| | | Balance Due | $55.00 |

### INFORMATION DEEMED RELIABLE BUT NOT GUARANTEED
### PAYABLE UPON RECEIPT, 2% PER MONTH

ON 3/24/08 AT 7:22 PM THE OFFICE WAS CLOSED. ON 3/25/08 AT 3:48 PM I WAS INFORMED BY THE
RECEPTIONIST (A 5'5" 55 YEAR OLD WHITE FEMALE WITH BROWN HAIR AND A HEAVY BUILD) THAT THE
DEFENDANT WAS NOT PRESENT. ON 3/26/08 AT 2:57 PM I WENT TO ROOM 102 AND LEFT A DETAILED
MESSAGE WITH THE RECEPTIONIST. I ALSO WENT TO ROOM 302 AND LEFT A SECOND DETAILED
MESSAGE, AS THE RECEPTIONIST STATED THAT THIS IS HIS PRIMARY OFFICE. ON 3/28 AT 9:32 AM, 4/1 AT
9:24 AM, 4/3 AT 11:54 AM, 4:10 AT 3:01 PM AND 4/11 AT 2:17 PM. ON EACH OCCASION THE DEFENDANT WAS
NOT PRESENT AT EITHER OFFICE. BOTH OF THE RECEPTIONISTS TOOK DETAILED NOTES AND SAID THEY

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIO M. MARTINEZ on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 896 |
| v. | ) ) | |
| DELKO CONSTRUCTION COMPANY and DEMETRIOS L. KOZONIS, individually | ) ) ) ) ) ) | Judge Darrah |
| Defendants. | ) | |

**DECLARATION OF JOHN E. UNTEREKER**

John E. Untereker, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1.      I was admitted to practice law in the State of Illinois on November 9, 2006. Since May 2007 to the present, I have been a staff attorney for the Working Hands Legal Clinic. Prior to that I was an associate with the Workers' Law Office, P.C. Between January 2005 and May 2005, and August 2005 and May 2006, I was an Ill. S. Ct. 711 licensed law clerk at the Law Office of the Cook County Public Defender. Between May 2005 and August 2006, I was summer intern with Cabrini Green Legal Aid Clinic.

2.      I am admitted to practice before the United States District Court for the Northern District of Illinois.

3.      I graduated from DePaul University College of Law in May 2006. While a law

1

student at DePaul University College of Law, I was a Sullivan Fellow for the International Human Rights Law Institute and was a Public Interest Law Association summer stipend recipient.  I also received the highest grade and the CALI Award for Excellence in the following legal courses: Center for Justice in Capital Cases, Death Penalty Clinic in Fall, 2005 and Spring, 2006.

4.      As a Staff Attorney with the Working Hands Legal Clinic, the majority of my legal work involves federal court litigation of FLSA cases in which employees seek to collect unpaid minimum and/or overtime wages. I have been co-counsel or lead counsel on 42 cases.  See Exhibit A, as attached hereto.

5.      The attorneys' fee time sought in this case is recorded and billed as follows: each day I keep a contemporaneous record of the time I work on various projects/files for various clients.  This information is kept on a software program — commonly known as "Timeslips 2005" — that is loaded onto a Working Hands Legal Clinic computer.  The Timeslips file created for the instant litigation is named "Martinez, Mario"  Whenever I have performed work on behalf of Plaintiff in connection with his FLSA action against Defendants, I have made entries in the Timeslip program.  These entries consist of a description of the work I performed on the date of the entry as well as the amount of time I spent during the day in performing the work described.

6.      Based on the reasonable hourly rates of comparable attorneys and previous awards, I believe my reasonable hourly rate is now $275.00 per hour.

7.      On March 27, 2008, District Court Judge Williams J. Hibbler awarded me $275.00 per hour in the case of *Alfredo Segura, et al. v. Selective Publishing Inc., et al.*, Case No. 07 C 3786. On January 23, 2008, District Court Judge Robert W. Gettleman awarded me the hourly rate of $275.00 per hour in the case of *Alicio Diaz, et al. v. REIDesigne'Landscape Contractors, Inc., et al.*,

2

Case No. 06 C 0720. On January 22, 2008, 2007, District Court Judge Williams J. Hibbler awarded me $275.00 per hour in the case of *Alfredo Segura, et al. v. Selective Publishing Inc., et al.*, Case No. 07 C 3786. Prior to that, on November 29, 2007, District Court Judge Blanche M. Manning awarded me $230.00 per hour in the ca-se of *Arturo Robles, et al. v. Boss Construction, Inc., et al.*, Case No. 07 C 3785. On November 27, 2007, District Court Judge Amy J. St. Eve awarded me the hourly rate of $230.00 per hour in the case of *Francisco Alcantara v. Oscar Jurado d/b/a Jurado's Decorating*, Case No. 07 C 1865.

8.      The Working Hands Legal Clinic is a 501(c)(3) non-profit legal clinic which represents low-wage and minimum wage workers in Northeastern Illinois. We advance the costs of the litigation for such clients and do not charge the client contingent fee. Instead, we either receive our fees through settlement or through a fee determined by the Court.

9.      Since the inception of the case, my legal clinic has spent 4.34 hours obtaining service in this matter and in preparing the instant motion. See Exhibit B as attached hereto. Of that time, I spent 1 hour obtaining service on Defendants and preparing this motion. At an hourly rate of $275.00, my fees for work performed during the above period amount to $275.00.

10.     Since March 21, 2008, other attorneys and law clerks have also spent time on this case. Please see the following amount of time and accompanying rate:

a.      Christopher J. Williams, Executive Director of the Working Hands Legal Clinic- 0.17 hours at $375.00 per hour. (On January 22, 2008, 2007, District Court Judge Williams J. Hibbler awarded him $375.00 per hour in the case of *Alfredo Segura, et al. v. Selective Publishing Inc., et al.*, Case No. 07 C 3786. On January 23, 2008, District Court Judge Robert W. Gettleman awarded him the hourly rate of $375.00 per hour in the case of *Alicio Diaz, et al. v. REIDesigne'Landscape*

3

*Contractors, Inc., et al.,* Case No. 06 C 0720.   Prior to that, on November 29, 2007, District Court

Judge Blanche M. Manning awarded him $325.00 per hour in the case of *Arturo Robles, et al. v.*

*Boss Construction, Inc., et al.,* Case No. 07 C 3785. On November 27, 2007, District Court Judge St.

Eve awarded him $325.00 per hour in *Francisco Alcantara v. Oscar Jurado d/b/a Jurado's*

*Decorating,* Case No. 07 C 1865.   On March 7, 2007, District Court Judge St. Eve awarded him

$325.00 per hour in *Roldan et al. v. Westlake Equity Partners et al.,* Case No. 06 C 4289. Prior to

that, on September 26, 2006, Judge Kokoras awarded him $300.00 per hour in *Ramirez v. Nari*

*Sushi, Inc. et al.,* Case No. 06 C 1651 and in *Calderon v. Dollar Spot, Inc. et al.,* Case No. 06 C

2028. Prior to that, on August 3, 2006, Judge Gettleman of the Northern District of Illinois awarded

the him $300.00 per hour in *Hernandez v. Estate Werks, LLC et al.,* Case No. 06 C 1650.

      b.      Kathy Purnell- Law Clerk- 1.17 hours at $175.00.

      c.      Linda Imonode- Law Clerk- 2 hours at $175.00.

      11.      In addition, my firm has also incurred $220.00 in costs obtaining personal service on

Defendants.

      12.      If the Court grants both the hours and the hourly rates requested, Plaintiffs will be

entitled to an award of attorneys' fees in the amount of $893.50 and costs in the amount of $220.00.

      13.      I am not suffering any impediments and am competent to testify to all of the

foregoing.

      14.      Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil

Procedure, the undersigned certifies that the statements set forth in this instrument are true and

correct, except as to matters therein stated to be on information and belief and as to such matters the

undersigned certifies as aforesaid that he verily believes the same to be true.

4

FURTHER DECLARANT SAYETH NAUGHT.

_____
John E. Untereker

I declare under penalty of perjury that the foregoing is true and correct.

Date:   June 19, 2008

_____
John E. Untereker

5

# EXHIBIT A

# JOHN EDWARD UNTEREKER, ESQ.
## Wage and Hour Cases – October 1, 2006 through June 6, 2008

1.    Tapetillo, Camilo, et al. v. Urban Services of America, Inc., et al., 05/22/08, 08 CH 18782, Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, General Chancery, Cook County, IL- Chancery Division

2.    Leon, Luis, et al. v. MS-Grand Niles, Inc., et al., 05/19/08, 08 C 2907, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

3.    Marquez, Angelica, et al. v. Ethio Cafe, Inc., et al., 05/07/08, 08 C 2632, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

4.    Arce, Guillermo v. Fire Clean Restoration, Inc., et al., 04/28/08, 08 M1 134050, Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, First District, Cook County, IL- Municipal Division

5.    Munoz, Antonio, et al. v. G & J Investments, LTD., et al., 04/23/08, 08 C 2310, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

6.    Martinez, Mario v. Delko Construction Company, et al., 02/12/08, 08 C 896, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

7.    Flores, Rafael, et al. v. La Villa Restaurant, Inc., et al, 01/29/08, 08 C 620,  710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

8.    Chavez, Alfonso et al. v. Stonetree Landscapes, Inc., 12/21/07, 07 C 7191, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

9.    Luis Correa et al v. New Wincup Holdings, Inc., 9/6/07, 07 C 5010, 790 Other Labor Litigation, US District Court for the Northern District of Illinois

10.    Martinez, Gloria v. The Herbal Garden, Inc., 7/27/07, 07 C 4238, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

11.    Espinoza v. Mark's Creative Landscape, Inc. et al., 7/6/07, 07 C 3839, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

12.    Segura et al. v. Selective Publishing, Inc. et al., 7/6/07, 07 C 3786, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

13.    Robles et al. v. Boss Construction, Inc. et al., 7/6/07, 07 C 3785, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

14.    Perez v. Lawn Man Service et al., 7/6/07, 07 C 3784, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

15.    Hernandez et al. v. Real Taste Noodle MFG, Inc. et al., 7/6/07, 07 C 3783, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

16.    Zarco v. Midwest Global Food Distributors, LLC et al., 7/6/07, 07 C 3781, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

17.    Fermin Cisneros, et al v. Chain O Lakes Clearing Service Company d/b/a The Fix It Company 100% Woman Owned, et al., 6/7/07, 07 C 3226, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

18.    Felix Maya v. Doering Landscape Company, et al., 05/08/07, 07 C 2593, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

19.    Orozco et al. v. Public Auto, Inc. et al., 05/02/07, 07 C 2440, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

20.    Cruz, Maria Elena, et al. vs. U.S. Services Systems, Inc., et al., 04/19/07, 07 CH 10841, Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, General Chancery, Cook County, IL- Chancery Division

21.    Ayala, Salvador vs. What's Cooking Restaurant, Inc., et al., 04/12/07, 07 C 2032, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

22.    Alcantara vs. Jurado Decorator et al., 04/04/07, 07 C 1865, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

23.    Figueroa, Gilberto et al. vs. Personnel Staffing Group, LLC d/b/a Most Valuable Personnel et al., 04/02/07, 07 CH 9045, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Illinois Day and Temporary Labor Services Act, and Fair Labor Standards Act – General Chancery, Cook County, Illinois – Chancery Division

24.    Ariza vs. Atlantic Mall Corporatoin et al., 03/23/07, 07 C 1652, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

25.    Padilla vs. Minow et al., 03/23/07, 07 C 1651, 710 Fair Labor Standards Act, US District Court for the Northern District of Illinois

26.    Martinez, Israel, et al. vs. PNJ, Inc., et al., 07 CH 07679, 03/19/07, Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act, General Chancery, Cook County, IL- Chancery Division

27.    Gomez et al. v. Superior Fullfillment & Staffing, Inc. et al., 03/13/07, 07 C 1428, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

28.     Angelica Carbajal, et al. vs. BIT Wire Processing, Inc., et al., 06 C 7098, 12/22/06, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

29.     Eduardo Huerta, et al. vs. Just Cheezie, Inc. d/b/a Culver's of Frankfort, et al., 06 C 7099, 12/22/06, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

30.     Gloria Lopez, et al. vs. The Agency Inc. d/b/a The Agency Staffing, 06 CH K 1986, 12/21/06, Illinois Day and Temporary Labor Services Act– General Chancery, Kane County, Illinois – Chancery Division

31.     Victoria Strom vs. Strom Closures, Inc., et al., 06 C 7051, 12/20/06, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

32.     Margarita Navarette, et al. vs. Walrus Brands, LLC, et al., 06 C 6984, 12/18/06, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

33.     Gabriel Chavez vs. Chicago Meat Processors, Inc., et al., 06 C 6983, 12/18/06, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

34.     Maria Gomez vs. Superior Fullfillment & Staffing, Inc., et al. ., 06 CH 27575, 12/18/06, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Illinois Day and Temporary Labor Services Act, and Fair Labor Standards Act – General Chancery, Cook County, Illinois – Chancery Division

35.     Maria Elena Merino, et al. vs. Nation Pizza Products, L.P., et al. ., 06 CH 27188, 12/13/06, Illinois Minimum Wage Law & Fair Labor Standards Act and  Illinois Day and Temporary Labor Services Act – General Chancery, Cook County, Illinois – Chancery Division

36.     Georgina Delgado vs. Bellas Lavanderia Inc., et la., 01:06cv6892, 12/13/06, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

37.     Jose Pena, et al. vs. L & D Cleaning, Inc., et al., 01:06cv6804, 12/08/06, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

38.     Margarita Covarrubias, et al. vs. Total Janitorial & Maintenance Services, Inc., et al., 06 CH 24092, 11/08/06 Illinois Minimum Wage Law & Fair Labor Standards Act – General Chancery, Cook County, Illinois – Chancery Division

39.     Rogelio Alcalan, et al. vs. Landscape Concepts Management, Inc., et al., 06 CH 24091, 11/08/06 Illinois Minimum Wage Law & Fair Labor Standards Act – General Chancery, Cook County, Illinois – Chancery Division

40.     Juan Alvarez vs. Jose L. Rodríguez d/b/a Rodríguez and Sons Landscaping, 01:06cv6089, 11/07/06, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

41.    Mauro Yanez, et la. vs. James Michael, Inc., et al., 01:06cv5275, 09/28/06, 710 Fair Labor Standard Act, US District Court for the Northern District of Illinois

42.    Guadalupe Rodriguez, et al. vs. Metrostaff, Inc., et al., 06 CH 19683, 09/20/06, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and Illinois Day and Temporary Labor Services Act – General Chancery, Cook County, Illinois – Chancery Division

# EXHIBIT B

Werrman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
FEIN #20-3042887


Invoice submitted to:
Mario Martinez


June 19, 2008


Professional Services

|  |  |  | Hrs/Rate | Tax# | Amount |
|---|---|---|---|---|---|
| 3/21/2008 - | LS | Draft Pleadings - Summons; file summons; letter to process server | 1.17 $175.00/hr |  | $204.75 |
| 4/18/2008 - | JU | Telephone conference with Stern. | 0.17 $275.00/hr |  | $46.75 |
| 6/11/2008 - | LS | Drafting motion 4D, notice of motion, certificate of service. | 1.50 $175.00/hr |  | $262.50 |
| 6/17/2008 - | CW | Review 4(d) motion | 0.17 $375.00/hr |  | $63.75 |
| 6/18/2008 - | JU | Review and Revise 4(d) motion | 0.33 $275.00/hr |  | $90.75 |
| - | JU | Draft Declaration for 4(d) motion | 0.50 $275.00/hr |  | $137.50 |
| 6/19/2008 - | LS | Prepare and file 4(d) motion | 0.50 $175.00/hr |  | $87.50 |
|  |  | For professional services rendered | 4.34 |  | $893.50 |