**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIO M. MARTINEZ, )<br>On behalf of himself and other persons )<br>Similarly situated, known and unknown, )<br>        ) <br>        Plaintiff,         )<br>v.        )<br>        )<br>DELKO CONSTRUCTION COMPANY and )<br>DEMETRIOS L. KOZONIS, individually,  )<br>        )<br>        Defendants.         ) | No.: 08 C 896<br>Judge Darrah<br>Magistrate Judge Nolan | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, by their counsel, Iain D. Johnston of Johnston Greene LLC, hereby state the following as their Answer and Affirmative Defenses to Plaintiff's Complaint.

1. This lawsuit arises under the Fair Labor Standards Act. 29 U.S.C. §201 et seq. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiff, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have (and have had) the effect of denying Plaintiff and other similarly situated employees, their earned and living wages. A copy of Plaintiff's Consent to bring his claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Group Exhibit A.

**ANSWER:** Defendants admit that Plaintiff is bringing this action under the FLSA and IMWL, but denies the remaining averments in paragraph 1, except that they lack knowledge or information sufficient to form a belief as to the truth of the averments relating to Exhibit A.

2. At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. §203(e)(l) and the IMWL, 820 ILCS §I05/1 et seq.

**ANSWER:** Defendants admit that Plaintiff was an employee.

3. Plaintiff resides in and is domiciled within this judicial district.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3.

4. During the course of his employment, Plaintiff engaged in commerce or in the production of goods for commerce.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4.

5. At all material times hereto, Defendants were Plaintiffs "employer" subject to the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS §105/3(c).

**ANSWER:** Admit.

6. Defendant Delko is an Illinois corporation doing business within the state of Illinois.

**ANSWER:** Admit.

7. Defendant Delko has had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

**ANSWER:** Admit.

8. Defendant Delko is an "enterprise" as defined by in Section 3(r)(l) of the FSLA, 29 U.S.C. §203(r)(l), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

**ANSWER:** Admit.

9. Defendant Delko's principal place of business is located within this judicial district.

**ANSWER:** Admit.

10. Defendant Kozonis is an owner/operator of Delko and is involved in the day-to-day business operations of Delko. Among other things, Defendant Kozonis has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Kozonis is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

**ANSWER:** Admit.

11. Defendant Kozanis resides in this judicial district.

**ANSWER:**   Admit.

12.   This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:**   Admit.

**COUNT I**
**Violation of the Fair Labor Standards Act -Overtime Wages**
**(Plaintiff, on behalf of himself and others similarly situated)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

**ANSWER:**   Defendants restate their answers to paragraphs 1 through 12 as if fully stated herein.

13.   This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, et seq., for their failure to pay overtime wages to Plaintiff and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**   Defendants deny they violated the FLSA by failing to pay overtime wages to Plaintiff and other similarly situated employees.

14.   Plaintiff performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:**   Defendants admit the averments in the first sentence of paragraph 14. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

15.   During the course of Plaintiffs employment with Defendants, Defendants directed Plaintiff to work, in excess of forty (40) hours in individual work weeks and Plaintiff customarily did work in excess of forty (40) hours in individual work weeks.

**ANSWER:**   Defendants admit that at times Plaintiff worked in excess of forty (40) hours a week, and deny any remaining averments.

16.   Defendants directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, and they did work in excess of forty (40) hours in, individual work weeks.

**ANSWER:** Defendants admit that at times other employees worked in excess of forty (40) hours a week, and deny any remaining averments.

17. Pursuant to 29 U.S.C. §207, for all time worked in excess of forty (40) hours in individual work weeks, Plaintiff and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

**ANSWER:** Defendants deny that Plaintiff and similarly situated employees were not compensated at a rate of one and one-half times their regular hourly rate of pay.

18. Defendants did not compensate Plaintiff, and other similarly situated employees, at a rate of one and one-halftimes their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:** Defendants deny that Plaintiff and similarly situated employees were not compensated at a rate of one and one-half times their regular hourly rate of pay.

19. Defendants' failure and refusal to pay overtime wages to Plaintiff, and similarly situated employees, for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

**ANSWER:** Defendants deny that they failed and refused to pay overtime wages to Plaintiff and similarly situated employees in violation of the FLSA.

20. Defendants willfully violated the FLSA by refusing to pay Plaintiff's and similarly situated employee's overtime wages for all time worked in excess of forty (40) hours per week.

**ANSWER:** Deny.

### COUNT II
### Violation of the Illinois Minimum Wage Law -Overtime Wages
### (Individual Plaintiff only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

**ANSWER:** Defendants restate their answers to paragraphs 1 through 20 as if fully stated herein.

21. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S. C. §1367.

**ANSWER:** Admit.

22.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS §105/4(a).

**ANSWER:**     Defendants deny they violated the overtime compensation provisions of the IMWL.

23.     During the course of Plaintiff's employment with Defendants, Defendants directed Plaintiff to work in excess of forty (40) hours in individual work weeks, and Plaintiff customarily did work in excess of forty (40) hours in individual work weeks.

**ANSWER:**     Defendants admit that, at times, Plaintiff worked in excess of forty (40) hour weeks, but deny any remaining averments.

24.     Pursuant to 820 ILCS §105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**     Defendants admit that if Plaintiff worked in excess of forty (40) hours in a week, he would be entitled to be compensated at the rate of one and one-half times his regularly hourly rate of pay for all time worked.

25.     Defendants violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**     Deny.

26.     Pursuant to 820 ILCS §105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit plus damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:**     Defendants deny that Plaintiff is entitled to recover any unpaid wages to which he is not entitled.

WHEREFORE Defendants request that this Court enter judgment in their favor, order Plaintiff to pay Defendants' attorneys' fees and costs and enter any other relief this Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1. On information and belief, Plaintiff is an illegal alien.  Consequently, Plaintiff's claims for relief that are equitable in nature are barred by the doctrine of unclean hands.  Equity should not allow Plaintiff to violate the laws of the United States while simultaneously receiving the benefits of the laws of the United States and Illinois.

## **JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

                    Respectfully submitted,

                    Delko Construction Co., et al.

                    By: <u>Iain D. Johnston</u>

                    Iain D. Johnston
                    Johnston Greene LLC
                    542 S. Dearborn Street
                    Suite 1310
                    Chicago, IL  60605
                    (312) 341-3900