IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO M. MARTINEZ,<br>on behalf of himself and other<br>persons similarly situated,<br>known and unknown, | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 896 |
| | ) | Judge Darrah |
| DELKO CONSTRUCTION COMPANY | ) | Magistrate Judge Nolan |
| and DEMETRIOS L. KOZONIS, | ) | |
| individually | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FED.R.CIV. P 12(f) MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSE**

**I.    INTRODUCTION**

This case arises under the minimum and maximum hour provisions of the Fair Labor

Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS

105/1 *et seq.* ("IMWL"). Plaintiff contends that Defendants violated the FLSA and IMWL by their

failure to pay Plaintiff – and a class of similarly situated employees -- overtime pay at the rate of one

and one-half times his regular rate of pay for all time he worked in excess of forty (40) in individual

work weeks.

In response to the Complaint, Defendants have asserted the affirmative defense of Plaintiff's

"unclean hands". This Affirmative Defense is insufficient as a matter of law. As a result, for the

reasons more fully set forth below, the Affirmative Defense should be stricken from Defendants'

1

Answer pursuant to Fed.R. Civ. P. 12(f).

## II.    APPLICABLE LEGAL STANDARD

The Court evaluates a motion to strike affirmative defenses under Rule 12(f), which provides "upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f)." Motions to strike are not favored, and affirmative defenses will only be stricken when they "are patently defective and could not succeed under any circumstances." *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D.Ill. 1993). Defenses should, however, be stricken when their effect is to add unnecessary clutter to a case. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

## III.    ARGUMENT

### Defendants' Affirmative Defense of Unclean Hands is Legally Insufficient

Defendants contend that Plaintiff's claims "that are equitable in nature are barred by the doctrine of unclean hands." Aff. Defense, attached hereto as Exhibit A.

Plaintiff's FLSA and IMWL claims are statutory claims that only seek legal monetary relief; Plaintiff's owed back overtime wages. *Lorillard, Div. of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 583 (1978) "Unclean hands," however, is an equitable defense that does not apply to claims for monetary relief. *Jones v. SABIS Educ. Sys.*, 2000 U.S. Dist. LEXIS 5525 (N.D. Ill., April 7, 2000), citing *LCI International Telecom Corp., Inc. v. American Teletronics Long Distance, Inc.*, 978 F. Supp. 799, 802 (N.D. Ill. 1997)("Unclean hands is an equitable remedy and has no application in an action for money damages."); *RIV VIL Inc. v. Tucker*, 979 F. Supp. 645, 659 (N.D. Ill. 1997) ("The unclean hands defense is not available in an action at law."); *American Nat'l Bank & Trust Co. of*

2

*Chicago v. Levy*, 83 Ill. App. 3d 933, 404 N.E.2d 946, 948, 39 Ill. Dec. 355 (Ill. App. Ct. 1980)("The clean hands doctrine operates to bar equitable remedies and does not affect legal rights.").

Because Plaintiff seeks in this case only unpaid overtime pay, Defendants' affirmative defense of "unclean hands" fails as a matter of law and should be stricken. *Lopez v. Autoserve, LLC.*, 2005 U.S. Dist. LEXIS 29161 (N.D. Ill November 17, 2005)(dismissing affirmative defense of "unclean hands" in FLSA and IMWL action)(attached hereto as Exhibit B).

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Affirmative Defense should be stricken.

Respectfully submitted,

Dated:  July 8, 2008

/s JOHN E. UNTEREKER
JOHN E. UNTEREKER
CHRSTOPHER J. WILLIAMS
Working Hands Legal Clinic
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiff

3

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARIO M. MARTINEZ, | ) | |
| On behalf of himself and other persons | ) | |
| Similarly situated, known and unknown, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 08 C 896 |
| v. | ) | Judge Darrah |
| | ) | Magistrate Judge Nolan |
| DELKO CONSTRUCTION COMPANY and | ) | |
| DEMETRIOS L. KOZONIS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, by their counsel, Iain D. Johnston of Johnston Greene LLC, hereby state the following as their Answer and Affirmative Defenses to Plaintiff's Complaint.

1.      This lawsuit arises under the Fair Labor Standards Act. 29 U.S.C. §201 et seq. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq. ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiff, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have (and have had) the effect of denying Plaintiff and other similarly situated employees, their earned and living wages. A copy of Plaintiff's Consent to bring his claim for unpaid overtime wages under the FLSA as a representative action is attached hereto as Group Exhibit A.

**ANSWER:**      Defendants admit that Plaintiff is bringing this action under the FLSA and IMWL, but denies the remaining averments in paragraph 1, except that they lack knowledge or information sufficient to form a belief as to the truth of the averments relating to Exhibit A.

2.      At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. §203(e)(l) and the IMWL, 820 ILCS §l05/1 et seq.

**ANSWER:**      Defendants admit that Plaintiff was an employee.

3.      Plaintiff resides in and is domiciled within this judicial district.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3.

4.    During the course of his employment, Plaintiff engaged in commerce or in the production of goods for commerce.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4.

5.    At all material times hereto, Defendants were Plaintiffs "employer" subject to the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS §105/3(c).

**ANSWER:**    Admit.

6.    Defendant Delko is an Illinois corporation doing business within the state of Illinois.

**ANSWER:**    Admit.

7.    Defendant Delko has had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

**ANSWER:**    Admit.

8.    Defendant Delko is an "enterprise" as defined by in Section 3(r)(l) of the FSLA, 29 U.S.C. §203(r)(l), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

**ANSWER:**    Admit.

9.    Defendant Delko's principal place of business is located within this judicial district.

**ANSWER:**    Admit.

10.    Defendant Kozonis is an owner/operator of Delko and is involved in the day-to-day business operations of Delko. Among other things, Defendant Kozonis has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Kozonis is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

**ANSWER:**    Admit.

11.    Defendant Kozanis resides in this judicial district.

2

**ANSWER:**    Admit.

12.    This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:**    Admit.

**COUNT I**
**Violation of the Fair Labor Standards Act -Overtime Wages**
**(Plaintiff, on behalf of himself and others similarly situated)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 12 as if fully stated herein.

13.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, et seq., for their failure to pay overtime wages to Plaintiff and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**    Defendants deny they violated the FLSA by failing to pay overtime wages to Plaintiff and other similarly situated employees.

14.    Plaintiff performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:**    Defendants admit the averments in the first sentence of paragraph 14. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

15.    During the course of Plaintiffs employment with Defendants, Defendants directed Plaintiff to work, in excess of forty (40) hours in individual work weeks and Plaintiff customarily did work in excess of forty (40) hours in individual work weeks.

**ANSWER:**    Defendants admit that at times Plaintiff worked in excess of forty (40) hours a week, and deny any remaining averments.

16.    Defendants directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, and they did work in excess of forty (40) hours in, individual work weeks.

3

**ANSWER:**    Defendants admit that at times other employees worked in excess of forty (40) hours a week, and deny any remaining averments.

17.    Pursuant to 29 U.S.C. §207, for all time worked in excess of forty (40) hours in individual work weeks, Plaintiff and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

**ANSWER:**    Defendants deny that Plaintiff and similarly situated employees were not compensated at a rate of one and one-half times their regular hourly rate of pay.

18.    Defendants did not compensate Plaintiff, and other similarly situated employees, at a rate of one and one-halftimes their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**    Defendants deny that Plaintiff and similarly situated employees were not compensated at a rate of one and one-half times their regular hourly rate of pay.

19.    Defendants' failure and refusal to pay overtime wages to Plaintiff, and similarly situated employees, for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

**ANSWER:**    Defendants deny that they failed and refused to pay overtime wages to Plaintiff and similarly situated employees in violation of the FLSA.

20.    Defendants willfully violated the FLSA by refusing to pay Plaintiff's and similarly situated employee's overtime wages for all time worked in excess of forty (40) hours per week.

**ANSWER:**    Deny.


## COUNT II
### Violation of the Illinois Minimum Wage Law -Overtime Wages
### (Individual Plaintiff only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 20 as if fully stated herein.

21.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S. C. §1367.

**ANSWER:**    Admit.

22. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS §105/4(a).

**ANSWER:** Defendants deny they violated the overtime compensation provisions of the IMWL.

23. During the course of Plaintiff's employment with Defendants, Defendants directed Plaintiff to work in excess of forty (40) hours in individual work weeks, and Plaintiff customarily did work in excess of forty (40) hours in individual work weeks.

**ANSWER:** Defendants admit that, at times, Plaintiff worked in excess of forty (40) hour weeks, but deny any remaining averments.

24. Pursuant to 820 ILCS §105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:** Defendants admit that if Plaintiff worked in excess of forty (40) hours in a week, he would be entitled to be compensated at the rate of one and one-half times his regularly hourly rate of pay for all time worked.

25. Defendants violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:** Deny.

26. Pursuant to 820 ILCS §105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit plus damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:** Defendants deny that Plaintiff is entitled to recover any unpaid wages to which he is not entitled.

WHEREFORE Defendants request that this Court enter judgment in their favor, order Plaintiff to pay Defendants' attorneys' fees and costs and enter any other relief this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. On information and belief, Plaintiff is an illegal alien. Consequently, Plaintiff's claims for relief that are equitable in nature are barred by the doctrine of unclean hands. Equity should not allow Plaintiff to violate the laws of the United States while simultaneously receiving the benefits of the laws of the United States and Illinois.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

Delko Construction Co., et al.

By: Iain D. Johnston

Iain D. Johnston
Johnston Greene LLC
542 S. Dearborn Street
Suite 1310
Chicago, IL  60605
(312) 341-3900

# EXHIBIT B

LEXSEE 2005 U.S. DIST. LEXIS 29161

**Lopez v. Autoserve, L.L.C.**

No. 05 C 3554

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2005 U.S. Dist. LEXIS 29161*

November 17, 2005, Decided
November 17, 2005, Filed

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1]  For Filberto Lopez, on behalf of himself and all other plaintiffs similarly situated known and unknown, Plaintiff: Douglas M. Werman, Christopher John Williams, Werman Law Office, P.C., Chicago, IL.

For AutoServe LLC, Defendant: James D. Shepherd, Law Offices of James D. Shepherd, Chicago, IL.

**JUDGES:** SAMUEL DER-YEGHIAYAN, District Judge.

**OPINION BY:** Samuel Der-Yeghiayan

**OPINION**

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Filiberto Lopez's ("Lopez") motion to strike Defendant Autoserve, LLC's ("Autoserve") affirmative defenses. For the reasons stated below, we grant Lopez's motion in its entirety.

**BACKGROUND**

On July 19, 2005, Lopez filed the instant action, alleging violations of the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 201 et seq.,* and the Illinois Minimum Wage Law Act ("Minimum Wage Law"), *820 ILCS 105/1 et seq.* Autoserve filed an answer to the complaint, which included three affirmative defenses, on September 2, 2005, and Lopez filed the instant motion to strike on October 21, 2005. Autoserve was given until November 9, 2005, to file a response [*2] to the instant motion, but it failed to do so.

**DISCUSSION**

Autoserve asserted three affirmative defenses in its answer to the complaint in the instant action, including that Lopez has unclean hands, that Lopez failed to mitigate his harm, and that Lopez's damages were de minimus. Lopez now moves to strike these affirmative defenses under *Federal Rules of Civil Procedure Rule 12(f)* ("Rule 12(f)"), which states that "upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense . . . ." *Fed. R. Civ. Pro. 12(f).* The Seventh Circuit has stated that striking affirmative defenses should be done sparingly and "only when they are insufficient on the face of the pleadings." *Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989).* There are, however, situations where striking affirmative defenses [*3] serves to "remove unnecessary clutter from the case." *Id.* Furthermore, because "affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure . . . [these] defenses must set forth a 'short and plain statement,' *Fed.R.Civ.P. 8(a),* of the defense." *Id.* This means that affirmative defenses that "are nothing but bare bones conclusory allegations" must be stricken. *Id.* Finally, when a federal court is applying state law, "the legal and factual sufficiency of an affirmative defense is examined with reference to state law." *Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (7th Cir. 1991).*

I. Unclean Hands (First Affirmative Defense)

In the instant action, Autoserve asserts that Lopez's claims are barred under the doctrine of unclean hands

because Lopez "and his supervisor conspired to create two employee identities and deceive [Autoserve] so that [Lopez] could work more hours than [Autoserve's] policies permitted." (Resp. 7). According to the Seventh Circuit, "unclean hands is a traditional defense to an action for *equitable* relief. [*4] " *Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd., 970 F.2d 273, 281 (7th Cir. 1992)*(emphasis added); *see also Beitner v. Marzahl, 354 Ill. App. 3d 142, 819 N.E.2d 1266, 1274, 289 Ill. Dec. 466 (Ill.App. Ct. 2004)*(stating that "the clean hands doctrine prohibits one seeking equity from taking advantage of his own wrong"). While "the doctrine was fashioned in the courts of equity," the doctrine of unclean hands should bar recovery in cases "where equitable and legal claims are joined, . . . if indicated by the facts." *Urecal Corp. v. Masters, 413 F.Supp., 873, 876 (D.C. Ill. 1976)*. However, generally "unclean hands is an equitable remedy not applicable to claims for monetary relief." *Chow v. Aegis Mortg. Corp., 286 F.Supp.2d 956, 964 (N.D.Ill. 2003)*(citing *American Nat'l Bank & Trust Co. v. Levy, 83 Ill. App. 3d 933, 404 N.E.2d 946, 948-49, 39 Ill. Dec. 355 (Ill. App. Ct. 1980))*. Lopez is seeking only legal damages in the instant action. (A Compl. Par. 14, 21). Therefore, we grant Lopez's motion to strike Autoserve's affirmative defense of unclean hands.

## II. Failure to Mitigate (Second Affirmative Defense)

Autoserve also argues that Lopez "unreasonably [*5] failed to take advantage of any preventative or corrective opportunities . . . to complain about his failure to receive overtime compensation." (Resp. 7-8). An employee has a clear duty to mitigate damages under certain employment statutes, such as the Age Discrimination in Employment Act ("ADEA"). *See Smith v. Great American Restaurants, Inc., 969 F.2d 430, 438 (7th Cir. 1992)*(stating that a "discharged ADEA plaintiff has a duty to exercise reasonable diligence in attempting to mitigate damages by finding comparable work"). However, there are no cases applying this doctrine to FLSA or the Minimum Wage Law, and the Illinois courts have stated that "the duty to mitigate will not be invoked as grounds for a hypercritical examination of a plaintiff's conduct." *Amalgamated Bank of Chicago v. Kalmus and Associates, Inc., 318 Ill. App. 3d 648, 741 N.E.2d 1078, 1087-87, 251 Ill. Dec. 900 (Ill. App. Ct. 2000); see also Flores v. Albertsons, Inc., 2002 U.S. Dist. LEXIS 6171, 2002 WL 1163623, at *5 (C.D.Cal. 2002)*(stating in a FLSA case that "Plaintiffs are under no duty to mitigate damages because they have not been terminated"). Autoserve has cited no law supporting its assertion that Lopez had a duty to mitigate [*6] damages under either the FLSA or the Minimum Wage Law. Therefore, we grant Lopez's motion to strike Autoserve's affirmative defense of failure to mitigate.

## III. De Minimum Damages (Third Affirmative Defense)

Autoserve claims that "Plaintiff's claims are de minimis and therefore his claims are not actionable." (Resp. 8). Autoserve, however, cites no law or facts supporting its assertion, and simply states in the body of its argument "Plaintiff's damages are de minimus." (Resp. 8). This is clearly a "bare bones conclusory allegation[]," *Heller Financial, Inc., 883 F.2d at 1294*, which does not meet the necessary pleading standards. Therefore, we strike Autoserve's affirmative defense of de minimus damages.

## CONCLUSION

Based on the foregoing analysis, we grant Lopez's motion to strike Autoserve's affirmative defenses in its entirety.

Samuel Der-Yeghiayan

United States District Court Judge

Dated: November 17, 2005