IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO M. MARTINEZ,<br>on behalf of himself and other<br>persons similarly situated,<br>known and unknown,<br><br>    Plaintiff,<br><br>  v.<br><br>DELKO CONSTRUCTION COMPANY<br>and DEMETRIOS L. KOZONIS,<br>individually<br><br>    Defendants. | No. 08 CV 896<br><br>Honorable Judge Darrah<br>Mag. Judge Nolan |

**FIRST AMENDED COMPLAINT**

Plaintiff Mario M. Martinez ("Plaintiff"), on behalf of himself and other persons, known and unknown, through his attorneys, for his First Amended Complaint against Defendants Delko Construction Company ("Delko") and Demetrios L. Kozonis, individually, (collectively, "Defendants") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiff, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have (and have had) the effect of denying Plaintiff, and other similarly situated employees, their earned and living wages. A copy of Plaintiff's Consent to

bring his claim for unpaid overtime wages under the FLSA as a representative action was previously filed as Exhibit A of Plaintiff's Complaint.

**PARTIES**

2. At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. §203(e)(1) and the IMWL, 820 ILCS §105/1 *et seq.*

3. Plaintiff resides in and is domiciled within this judicial district.

4. During the course of his employment, Plaintiff engaged in commerce or in the production of goods for commerce.

5. At all material times hereto, Defendants were Plaintiff's "employer" subject to the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS §105/3(c).

6. Defendant Delko is an Illinois corporation doing business within the state of Illinois.

7. Defendant Delko has had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

8. Defendant Delko is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

9. Defendant Delko's principal place of business is located within this judicial district.

10. Defendant Kozonis is an owner/operator of Delko and is involved in the day-to-day business operations of Delko. Among other things, Defendant Kozonis has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking

accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Kozonis is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

11. Defendant Kozonis resides in this judicial district.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act -Overtime Wages**
**(Plaintiff, on behalf of himself and others similarly situated)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

13. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiff, and other similarly situated employees, for all time worked in excess of forty (40) hours in individual work weeks.

14. Plaintiff performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

15. During the course of Plaintiff's employment with Defendants, Defendants directed Plaintiff to work, in excess of forty (40) hours in individual work weeks and Plaintiff customarily did work in excess of forty (40) hours in individual work weeks.

16. Defendants directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, and they did work in excess of forty (40) hours in individual work weeks.

17. Pursuant to 29 U.S.C. §207, for all time worked in excess of forty (40) hours in individual work weeks, Plaintiff and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

18. Defendants did not compensate Plaintiff, and other similarly situated employees, at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

19. Defendants' failure and refusal to pay overtime wages to Plaintiff, and similarly situated employees, for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

20. Defendants willfully violated the FLSA by refusing to pay Plaintiff's and similarly situated employee's overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's, and other similarly situated employees', hourly wage rate for all time which they worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due; and,

C.  Reasonable attorneys' fees and costs incurred in filing this action.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Individual Plaintiff only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

21. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

22. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS §105/4(a).

23. During the course of Plaintiff's employment with Defendants, Defendants directed Plaintiff to work in excess of forty (40) hours in individual work weeks, and Plaintiff customarily did work in excess of forty (40) hours in individual work weeks.

24. Pursuant to 820 ILCS §105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

25. Defendants violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

26. Pursuant to 820 ILCS §105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of one and one-half times his regular hourly rate of pay for all time which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B.  Damages pursuant to the formula set forth in 820 ILCS 105/12(a); and,

C.  Reasonable attorneys' fees and costs incurred in filing this action.

Respectfully submitted,

Dated: August 28, 2008

s/John E. Untereker
JOHN E. UNTEREKER (ARDC # 6290945)
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
Working Hands Legal Clinic,
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **First Amended Complaint** was served via electronic mail on September 10, 2008 on:

Iain D. Johnston
Johnston Greene LLC
542 South Dearborn St., Suite 1310
Chicago, IL 60605
(312) 341-3900

s/John E. Untereker
John E. Untereker